IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACQUALINE R. WEST,

      **Plaintiff,**

**vs.**                             **CIV 00-1267 JP/WWD**

**CITY OF ALBUQUERQUE and**
**ALBUQUERQUE NEW MEXICO POLICE DEPT.**
**and APD OFFICERS, TERRE MOLANDER and**
**LOUIS BLACK, Individually, Jointly and Severally,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

On February 26, 2001, Defendants filed a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  (Doc. No. 23.)  That motion will be granted in part and denied in part.

## I.    Background

Plaintiff Jacqualine R. West filed a *pro se* complaint on August 31, 2000 in which she

alleges that Defendants violated her rights under the Fourth, Fifth, and Fourteenth Amendments

to the United States Constitution and Sections 10 and 18 of the New Mexico State Constitution.

(Pl.'s Compl., ¶ 8 counts 3 and 4.)[1]  Plaintiff contends that on September 20, 1997, Defendants

Molander and Black detained Plaintiff without probable cause, denied her request for a

"Drug/Alcohol Test," and searched her automobile, purse, and personal papers without probable

---

[1]    Plaintiff also claims "Violations of the U.S. Civil and Constitutional Rights under
APD, General Orders" and "APD, Procedural Orders" allegedly enacted under 42 U.S.C. §
14099. (See Pl.'s Compl., counts 1 and 2.)  I agree with Defendants' implication that counts 1
and 2 cover claims made in counts 3 and 4.

    Plaintiff has not explicitly alleged tort claims.  If she does, Defendants argue, any tort
claims against APD should be dismissed.  Plaintiff agrees.

cause or a warrant.  (Pl.'s Compl., ¶¶ 5-7.)

According to Plaintiff's complaint, on December 28, 1998, the Albuquerque Police Department ("APD") Internal Affairs Unit completed an investigation of the incident that occurred on September 20, 1997 and concluded that "'[a]fter careful consideration of the available facts, the evidence supports the allegations brought forth in [Plaintiff's] complaint. Both officers [Molander and Black] received a Verbal Reprimand and training concerning the areas of probable cause and protective custody.'"  (Pl.'s Compl., ¶ 4.)  Plaintiff now seeks compensatory and punitive damages against Defendants individually, jointly, and severally for the alleged civil and constitutional rights violations.  (Pl.'s Compl., ¶ 9.)  In addition, Plaintiff requests attorney's fees and costs under 42 U.S.C. § 1988.  (Pl.'s Compl., ¶ 10.)

Defendants move to dismiss based on the following grounds: (1) Plaintiff's United States "Civil and Constitutional Claims" are vague and conclusory and are not supported by any facts in the complaint; (2) Plaintiff's claims against APD are improper because APD is not a suable entity; (3) Federal law does not permit an award of punitive damages against officers in their official capacities, or against a municipality under 42 U.S.C § 1983, or against police officers in their individual capacities where, as here, they did not act with any evil motive or intent; and (4) Because Plaintiff is not an attorney and is proceeding *pro se*, she cannot claim attorney's fees under 42 U.S.C. § 1988.

II.      Legal Standard

A motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957).  "The court's function on a Rule 12(b)(6) motion is not to

weigh potential evidence that the parties might present at trial, but to assess whether the

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."

*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  In deciding a motion to dismiss, the

court presumes that all of the plaintiff's factual allegations are true and draws all reasonable

inferences in his or her favor.  *Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993).  The

Court must liberally construe *pro se* complaints and hold them to "a less stringent standard than

formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Nevertheless, the court "will not supply additional facts, nor will [it] construct a legal theory for

plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197

(10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990).  In assessing a motion to dismiss, the court

also will not look beyond the four corners of the complaint.  *Jojola v. Chavez*, 55 F.3d 488, 494

(10th Cir. 1995).

III.     **Discussion**

      A.     **Timing of Defendants' motion**

      Without referring to any authority to support her contention, Plaintiff appears to argue

that Defendants' motion to dismiss is not in accordance with Fed. R. Civ. P. 12(b) because

Defendants answered before moving to dismiss.  (Pl.'s "Request Denial for Motion to Dismiss"

at 1.)  Although Rule 12(b) provides that a motion to dismiss for failure to state a claim upon

which relief can be granted "shall be made before pleading if a further pleading is permitted,"

this provision is not necessarily mandatory, for any number of reasons.  *See, e.g., Aldabe v.

Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Gerakaris v. Champagne,* 913 F. Supp. 646, 650-

51 (D. Mass. 1996); *Broadcast Employees v. International Brotherhood of Teamsters*, 419 F.

Supp. 263, 275 n. 15 (E.D. Pa. 1976); *Majerus v. Walk*, 275 F. Supp. 952, 954-55 (D. Minn.

1967); *Equitable Life Assurance Society of the United States v. Saftlas*, 35 F. Supp. 62, 63-64

(E.D. Pa. 1940); *see also* C. Wright and A. Miller, *Federal Practice and Procedure* § 1361

(1990) ("[T]he court must deny any motion made after a responsive pleading as being too late.

However, courts have allowed untimely motions if the defense has been previously included in

the answer.").  Therefore, the Rule 12(b) provision stating that certain defenses "shall be made

before pleading if a further pleading is permitted" is not an absolute bar to a Rule 12(b)(6)

motion brought after an answer is filed.

Plaintiff also argues that Defendants' motion should be stricken because Defendants filed

it more than twenty days after receiving Plaintiff's complaint.  (Pl.'s "Request Denial for Motion

to Dismiss" at 1.)  Although it is far from clear, it appears that Plaintiff again begins with the

premise that Defendants must move to dismiss before filing an answer.  Plaintiff seems to reason

next that because under Rule 12(a)(1)(A) an answer is due within twenty days of service of the

complaint, a Defendant must also move to dismiss within that time period.  As previously noted,

Plaintiff's apparent premise is flawed.  There is no such twenty day limitation on filing a motion

to dismiss.

### B.    Sufficiency of the complaint

Defendants contend that Plaintiff's claims are vague and conclusory and are not

supported by any factual allegation in her complaint.  Further, Defendants assert that Plaintiff

"has the burden to show with particularity facts and law establishing the inference that the

defendants violated a constitutional right."  *Walter v. Morton*, 33 F.3d 1240, 1242 (10th Cir.

4

1995).   Defendants fail to acknowledge that *Walter* and the other cases they cite (except for one)

deal with the standard applied to motions for summary judgment where a defendant has raised a

qualified immunity defense.[2]  Although Defendants claim a qualified immunity defense in their

answer, they do not explicitly assert that defense in their motion to dismiss.

The only applicable case Defendants cite is *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir. 1991) in which the Tenth Circuit observed that not every allegation in a complaint--

particularly one drafted by a *pro se* Plaintiff--must be described in specific detail.  In this case,

interpreting Plaintiff's *pro se* complaint liberally, as required by cases like *Hall* and *Haines*, I

find that Plaintiff sufficiently refers to facts in support of her allegations.  Plaintiff identifies each

constitutional right that forms a basis for this action along with allegations of how Defendants

violated those rights.  For example, Plaintiff states that on September 20, 1997, Defendants

Molander and Black checked Plaintiff's license, registration and insurance, after which they

allegedly told Plaintiff they wanted "to take [her] for a ride."  (Pl.'s Compl., ¶ 5.)  Plaintiff avers

that the officers then detained her, *id.*, in apparent violation of the Fifth Amendment of the U.S.

Constitution and Article II, Section 18 of the New Mexico Constitution.  For another example,

Plaintiff specifically contends that Defendants searched her car, purse, and "personal papers" in

apparent violation of the Fourth Amendment of the U.S. Constitution and Article II Section 10 of

the New Mexico Constitution.  (*Id.* ¶ 7.)  These allegations are sufficient to put Defendants on

notice of the claims it must answer.  *Monument Builders of Greater Kansas City, Inc. v.*

---

[2] *Albright v. Rodriguez*, 51 F.3d 1531 (10th Cir. 1995) (analyzing the appropriateness of
summary judgment based on qualified immunity defense); *Walter v. Morton*, 33 F.3d 1240 (10th
Cir. 1994) (same); *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642 (10th
Cir. 1988) (same).

*American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Moreover, given the

admitted allegation that APD Internal Affairs investigated the events of September 20, 1997,

there is no doubt Defendants are familiar with the facts.[3]  I conclude that Plaintiff's factual

allegations are sufficient.

### C.      Albuquerque Police Department

Defendants argue and Plaintiff concedes that Plaintiff's claims against APD should be

dismissed because APD is not a suable entity under 42 U.S.C. § 1983.  *Martinez v. Winner,* 771

F.2d 424 (10th Cir. 1985), *modified in other part*, 778 F.2d 553 (10th Cir. 1985); *remanded on*

*other grounds*, 475 U.S. 1138 (1986); *vacated on other grounds*, 800 F.2d 230 (10th Cir. 1986);

s*ee also* N.M. Stat. Ann. § 3-18-1 (Repl. 1985) (vesting municipalities, not individual

departments, with the power to sue or be sued).  Therefore, APD will be dismissed.

### D.      Punitive Damages

Defendants correctly maintain that punitive damages may not be awarded against a

municipality under 42 U.S.C. § 1983, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271

(1981), or against an officials acting in their official capacity, *Will v. Michigan Dept. of State*

*Police*, 491 U.S.  58, 71 (1989).

A plaintiff may recover punitive damages against officers acting in their individual

capacity, but only when the offending officers are shown to have acted out of "evil motive or

intent" or with "reckless or callous indifference."  *Wulf v. City of Wichita*, 883 F.2d 842, 867

(10th Cir. 1989) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).  In contrast with her

allegations concerning her underlying claims, Plaintiff has not pleaded any facts which would

---

[3] I have not considered any of the attachments to Plaintiff's responsive pleading.

support a finding of evil motive or intent, or reckless or callous indifference.[4]  As the Tenth

Circuit has observed, "not every . . . violation of a plaintiff's constitutional rights subjects a

defendant to punitive damages."  Id.  Moreover, and in further contrast with her allegations

concerning her constitutional claims, Plaintiff has not asserted, even in a conclusory manner,

asserted that Defendants acted with evil motive or intent, or with reckless or callous indifference

to her rights.  Thus, all claims for punitive damages will be dismissed.

### E.       Attorney's Fees

Defendants correctly argue that attorney's fees under 42 U.S.C. § 1988 are not available

to *pro se* litigants.  *Kay v. Ehrler*, 499 U.S. 432, 435 (1991)*; Gonzalez v. Kangas*, 814 F.2d 1411

(9th Cir. 1987).  Thus, Plaintiff's claim for attorney's fees under 42 U.S.C. § 1988 will be

dismissed.

**IT IS THEREFORE ORDERED THAT** Defendants' motion to dismiss Plaintiff's

claims (1) against the Albuquerque Police Department, (2) for punitive damages as to all

Defendants, and (3) for attorney's fees, is granted.

**IT IS FURTHER ORDERED THAT** Defendants' motion to dismiss is denied in all

other respects.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Again, I emphasize that I have not considered any attachments to Plaintiff's responsive
pleading.